```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**JIMMY LEE LOGSDON,**

                    Petitioner,

          v.                         CASE NO. 08-3227-SAC

**ATTORNEY GENERAL**
**OF KANSAS,**

                    Respondent.

## O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. Petitioner has paid the filing fee of $5.00. Having examined the Petition, the court finds as follows.

**BACKGROUND**

Petitioner alleges the following facts as the background for his Petition. He was convicted upon his plea of nolo contendere in the District Court of Sedgwick County, Kansas, of three counts of robbery, three courts of burglary, fourteen counts of kidnaping, and one count of felony theft. He was sentenced to 351 months in prison[1]. Petitioner alleges he was convicted in October, 2000, but does not provide the date of sentencing.

Petitioner alleges he directly appealed to the Kansas Court of Appeals (KCOA), and his appeal was dismissed for lack of jurisdiction. He does not provide the filing and dismissal dates of, or grounds raised on, his direct appeal. On-line records of

---

[1] Petitioner refers to Criminal Case Number 05-9566-A as the case he is challenging. However, his supporting allegations include the statement that he entered a plea on October 10, 2000, "in cases 00CR1551 and 00CR1990.

the Kansas Appellate Courts confirm that Mr. Logsdon filed a direct appeal in Case No. "00CR1551+" in early 2001, and indicate he was appointed counsel (Appellate Case No. 86718). The record further shows that Logsdon's "sentencing appeal" was transferred to the Kansas Supreme Court, which dismissed the appeal on December 7, 2001.

Petitioner also sought relief by state post-conviction motion. In answer to questions on exhaustion following each ground alleged in his form Petition, Mr. Logsdon states that he raised three of his four claims in a 60-1507 motion that was denied on July 19, 2002, by the District Court of Sedgwick County, Kansas. The on-line appellate court records show that petitioner filed an appeal of the denial of a 60-1507 (District Case No. 02C887) in December, 2002, and was appointed counsel (Appellate Case No. 89885). The appellate court docket also shows that the matter was reversed and remanded with directions by the KCOA on November 7, 2003. Apparently some district court action occurred as a result[2].

Records indicate that petitioner filed another 1507 appeal in District Case No. 02C887 on December 13, 2005, which was denied by the KCOA on May 11, 2007 (Appellate Case No. 95666). Logsdon's Petition for Review was denied by the Kansas Supreme Court on September 27, 2007. The federal Petition before this court was executed on August 26, 2008.

**CLAIMS**

---

[2] Petitioner alleges that his 1507 petition claiming ineffective assistance of counsel was denied by the Sedgwick County District Court in March, 2004, after an evidentiary hearing.

As ground one for federal habeas corpus relief, Mr. Logsdon claims the district court erred in finding that his plea was knowing and intelligent. In support, he alleges he was not aware of the maximum penalty he could receive, and his understanding was that he would receive 107 months under the plea agreement, but could receive a maximum of 247 months. Petitioner alleges he did not raise this issue on direct appeal because it "was not known," but raised it in 60-1507 proceedings.

As ground two, petitioner claims his attorney was ineffective for not informing him of the maximum possible penalty, and that he was not properly informed by the court of the maximum possible sentence.[3] He alleges he did not raise these claims on direct appeal, but raised them in 60-1507 proceedings.

As ground three, petitioner challenges the findings of fact and conclusions of law of the state district court as not supported by the record[4]. He alleges he did not raise this claim on direct appeal, but raised it in 60-1507 proceedings.

As ground four, petitioner reiterates his claim that the sentencing court failed to inform him of the maximum possible sentence[5], and further claims the court misled him to believe the

---

[3] Petitioner also alleges that evidence at his 60-1507 hearing "supported a finding" that he was not apprised of the maximum penalty by the court, and that he thought he was in Criminal History Category "C" and not "A." He further claims his counsel was ineffective for not filing a motion to withdraw plea after petitioner "expressed that he did not want the plea at sentencing," and for filing an appeal instead "with no issue to pursue," and without consulting Logsdon first.

[4] The court assumes this refers to findings and conclusions made at sentencing, since petitioner alleges he raised this claim in his 60-1507 proceedings, but wonders if it could refer to findings and conclusions made after the hearing on his 60-1507 petition.

[5] Petitioner states the court never informed him that he could get an "accumulated sentence" of 351 months.

maximum penalty he could receive was 247 months. Logsdon alleges this claim has not been presented to the state courts either on direct appeal or in 60-1507 proceedings. He offers in explanation that it "was not known" at the time his 60-1507 "was docketed," and when it became known "the one-year time limit" had expired so he was barred from filing a supplemental brief raising it.

The court notes that petitioner's ground four does not appear to be substantially different from his first two claims. If petitioner is attempting to present an issue that differs from his other three, and the state court found it was time-barred, then he is prevented by that state-court procedural bar from raising it in this federal habeas action unless he makes a sufficient showing of cause and prejudice[6].

**STATUTE OF LIMITATIONS**

A state prisoner has one year from the date his state convictions become final in which to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

---

[6] Under the procedural bar doctrine, [t]he court cannot address claims that were defaulted in state court on independent and adequate state procedural grounds "unless [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Hamm at 1216 quoting Coleman, 501 U.S. at 750; Hume v. McKune, 176 F.Supp.2d 1134, 1140 (D.Kan. 2001). "A state procedural ground is independent if it relies on state law, rather than federal law . . ." English v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998). In order to be adequate, a state default rule "must be applied evenhandedly in the vast majority of cases." Id. at 1259.

Id. A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

In this case, petitioner entered a nolo contendere plea in 2000, and his direct appeal was dismissed by the Kansas Supreme Court on December 7, 2001. A state conviction becomes "final" for purposes of Section 2244(d), after expiration of the ninety-day time period in which the defendant could, but did not, file a petition for certiorari in the United States Supreme Court. It follows that Mr. Logsdon's 2000 convictions became "final" on March 7, 2002, and the statute of limitations began running in his case on March 8, 2002.

Under the statutory exception, the limitations period would have been tolled beginning on the date Mr. Logsdon filed his first 60-1507 petition in Sedgwick County District Court. However, Mr. Logsdon does not provide the court with that date. His 1507 petition was clearly filed in 2002, since it was assigned case number 02C887 and before July 19, 2002, when it was denied by the state district court. It thus appears that petitioner's 60-1507 proceedings were initiated sometime in the first half of 2002.

From the information provided by petitioner, this court also cannot determine if the state post-conviction proceedings initiated by Mr. Logsdon in the first half of 2002 remained pending throughout September 27, 2007, when the Kansas Supreme Court denied Mr. Langsdon's Petition for Review, or if the Kansas Supreme Court action in September 2007 was in connection with a separate and

5

subsequent 1507 petition by Mr. Logsdon, such as the one claiming ineffective assistance of counsel denied in March, 2004. Thus, the court cannot determine the exact date on which the federal statute of limitations began running in Mr. Logsdon's case or the dates during which it was tolled by pending 1507 proceedings.

It appears to the court that, if any days of the one-year statute of limitations remained, it began running again on September 28, 2007, and ran for nearly eleven months before petitioner executed this federal Petition. By the court's tentative calculation, if petitioner's first 60-1507 petition was filed any time after April 7, 2002, the federal statute of limitations also ran for a month or more before he filed his first 1507 motion, and the entire 12-month period expired before his federal Petition was filed. Moreover, if there were no 1507 proceedings pending for a month or more at any time after the date petitioner filed his first 1507 motion and before the Kansas Supreme Court action on September 27, 2007, the statute of limitations likewise has expired. It follows that it is crucial for this court to know the date on which Mr. Logsdon filed his initial 60-1507 petition, the date when these proceedings were no longer pending, and the dates any subsequent state post-conviction proceedings filed by petitioner were pending.

The court shall issue a show cause order to respondent for the limited purpose of expanding the record with information from the pertinent state court records setting forth the procedural history of petitioner's criminal convictions in October 2000 challenged herein, and any related state post-conviction proceedings. Respondent is also directed to present its position

as to whether or not the instant Petition should be dismissed as time-barred.  Petitioner shall thereafter be given time to respond to any materials filed by respondents and to show cause why this action should not be dismissed as time-barred.  Petitioner should include any grounds he may have for other statutory or equitable tolling.

Having examined the materials filed in this case, the court finds:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted remedies afforded by the courts of the State of Kansas.

The court further finds it appears from the face of the Petition that it may be barred by the statute of limitations, and concludes a limited response is required.

**IT IS THEREFORE ORDERED THAT:**

1. Respondent herein is required to expand the record in this case within thirty (30) days from the date of this order with the procedural history of petitioner's criminal cases challenged herein and any related state post-conviction proceedings, and to present respondent's position as to whether or not this Petition should be dismissed as time-barred.

2. The petitioner is granted twenty (20) days after receipt by him of a copy of the respondent's response to file a response thereto, addressing the question of whether or not this action is barred by the statute of limitations.

7

3.  The clerk of this court shall then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and shall transmit copies of this order to petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

Dated this 23rd day of October, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
