```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**JIMMY LEE LOGSDON,**

                **Petitioner,**

           v.                             **CASE NO.  08-3227-SAC**

**ATTORNEY GENERAL**
**OF KANSAS,**

                **Respondent.**

### O R D E R

On June 17, 2009, this court entered an Order to Show Cause (Doc. 8) in the above-captioned habeas corpus action filed pursuant to 28 U.S.C. § 2254.  Respondent did not respond in the time provided in that Order.  Petitioner immediately filed a Motion for Default Judgment (Doc. 9), requesting the entry of judgment against respondent for failure to file a timely response.  Respondent was ordered to respond to petitioner's motion, and filed a Response (Doc. 11) and a Motion for Extension of Time to File Answer (Doc. 12).  Petitioner then filed a Reply (Doc. 13) to respondent's response to the motion for default together with an objection (Doc. 14) to respondent's motion for extension of time.  Having considered these filings, the court finds as follows.

**MOTION FOR DEFAULT JUDGMENT STANDARDS**

The "Rules Governing § 2254 Cases" do not provide for default judgments.  Rules Governing § 2254 Cases, Rules 1-12, 28 U.S.C.A.

foll. § 2254.  Rule 8(a) of those Rules provides:

> Determining Whether to Hold a Hearing.  If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

Id.  Rule 12 provides:

> The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.

Id.  It follows that in habeas proceedings, when a case may not be promptly dismissed, the court is to obtain and review an answer together with pertinent state court records.  Some courts have even held that default judgment is inappropriate in habeas corpus proceedings.  See Stines v. Martin, 849 F.2d 1323, 1324 (10th Cir. 1988)(citing Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987); Bermudez v. Reid, 733 F.2d 18 (2d Cir.), cert. denied, 469 U.S. 874 (1984); United States ex rel. Mattox v. Scott, 507 F.2d 919 (7th Cir. 1974); Allen v. Perini, 424 F.2d 134, 138 (6th Cir.1970), cert. denied, 400 U.S. 906 (1970)); see also Sparrow v. U.S., 174 F.R.D. 491, 492 (D.Utah 1997).  As the Tenth Circuit reasoned in Stines:

> The good faith nature of the Government's error is of little consolation to one who may be unlawfully held in custody. . . .[H]owever, the actual delay here in filing the brief was not sufficiently extensive or egregious to constitute a violation of Stines' due process rights.  Thus, even assuming district courts have the power to grant default judgments in habeas proceedings, the court abused its discretion in doing so here.

Stines, 849 F.2d at 1325.  Therefore, if the court has authority to

enter a default judgment in a habeas corpus case, it is only where there has been delay that is "sufficiently extensive or egregious to constitute a violation of the petitioner's due process rights".

**APPLICATION OF STANDARDS TO FACTS**

In respondent's Response to Motion for Default Judgment, he alleges that his failure to file a timely Answer and Return was due to "excusable neglect warranting an extension of time pursuant to District Court Rule 6.1(a)".  In support, he alleges that the Attorney General's office timely responded to an unusual, earlier, "limited show cause order" in this case, and provided the state records, which are now at this court.  This resulted in a misleading entry showing an answer had been filed and the state court records had been provided.  In addition, there was subsequently a change in the attorney handling this specific case, at a time when the newly assigned attorney was out of state for continuing legal education and military reserve training that coincided with the retirement of a long-term secretary and resulting changes in electronic notification, all of which culminated in a "falling through the cracks" of this particular case.  Petitioner alleges no facts showing he has been prejudiced by this delay.

The court finds there has not been a denial of procedural due process in this case, and petitioner is not entitled to have judgment entered against respondent.  As noted, respondent's Answer

and Return was due on July 17, 2009, and petitioner's motion was signed that very day, and filed July 21, 2009.  The delay was insubstantial, particularly considering that this court, after initially reviewing a state inmate's habeas claims, routinely grants extensions of time in cases such as this for 30 to 60 days[1].  The failure to file a timely response in this case was clearly inadvertent and an isolated mistake.  Respondent adequately and honestly described the excusable neglect that resulted in the delay.  The Attorney General's Office has not displayed a pattern of delay.  More importantly, the court finds that petitioner will not be prejudiced by the delay in the filing of the Answer and Return.  Petitioner's main claim is that the court and his counsel failed to adequately advise him of the maximum sentence he could receive prior to entry of his plea[2].  Thus, in essence, petitioner is not claiming that he is illegally confined at this time and entitled to immediate release.  Instead, he claims he understood that the maximum range in his case was 241 months rather than 351 months.  Petitioner does not specify what relief he seeks in his Petition, and has thus far served less than ten years.

   Any delay in this case is unfortunate, and failure to comply with a court order is not to be condoned.  Thus, some lesser

---

[1] The court is generally aware of the time it can take to prepare an adequate response in a state habeas corpus action, and of the intermittent staff limitations and heavy case load in the Attorney General's Office.

[2] Mr. Logsdon pled no contest to 20 counts in two different cases, including multiple kidnapings, aggravated robbery and burglary. He was sentenced to a total term of 351 months in November, 2000.

sanction might have been appropriately requested.  However, the court cannot find, under these circumstances, that judgment must be entered in this habeas corpus action releasing this convicted state prisoner before he has met his burden of proving his entitlement to habeas corpus relief.

**MOTION FOR EXTENSION OF TIME**

The court finds, based on the circumstances discussed herein, that there is good cause for respondent's motion for a thirty-day extension of time to file the Answer and Return, and that this extension will not prejudice petitioner.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Default Judgment (Doc. 9) is denied.

**IT IS FURTHER ORDERED** that respondent's Motion for Extension of Time (Doc. 12) is granted and the time in which he is required to file an Answer and Return in this case is hereby extended to and including September 19, 2009.

**IT IS SO ORDERED.**

Dated this 19th day of August, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge